UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA M. CANNON,<br><br>    Plaintiff,<br><br>vs.<br><br>SPOKANE MERCHANTS ASSOCIATION, a Washington Corporation,<br><br>    Defendant. | NO. CV-11-083-LRS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS BASED ON ROOKER-FELDMAN** |

**BEFORE THE COURT** is Defendant's Motion to Dismiss based on Rooker-Feldman (ECF No. 15). The motion is heard without oral argument.

## I. BACKGROUND

Spokane Merchants Association brought a claim for collection of a debt allegedly owed by Ms. Cannon in Spokane County District Court in March 2010. Ms. Cannon answered the complaint, denying any liability, but neither she nor her attorney appeared when the case went to trial in September 2010. Evidence was presented at trial and a judgment was entered against Ms. Cannon in the amount of $1628.03. On January 21, 2011, the Spokane County District Court granted Ms. Cannon's motion to have the judgment vacated, conditioned on her paying the amount of initial judgment. The judgment was vacated on the basis that Ms. Cannon's attorney at the time of trial had not

SUMMARY JUDGMENT ORDER ~ 1

informed her of the trial. On February 15, 2011 the parties entered a joint agreed order that the judgment entered be vacated. On February 22, 2011 an Order of Dismissal With Prejudice was entered by the court. Ms. Cannon filed the present claim on February 28, 2011 alleging Spokane Merchants violated the Fair Debt Collection Practices Act (FDCPA), the Washington Collection Agency Act (WCPA), and the Washington Consumer Protection Act (WCPA). Spokane Merchants now moves to dismiss under Fed R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

To survive a Rule 12(b)(6) motion, a plaintiff must make factually supported claims that are facially plausible. Plaintiff has met that burden. Under *Rooker-Feldman* doctrine, however, this court does not have subject matter jurisdiction to hear Ms. Cannon's claims because to do so would contravene the final judgment of a state court. Under *Rooker-Feldman*, as interpreted by the Supreme Court and applicable Ninth Circuit case law, a federal district court lacks jurisdiction over claims brought by a plaintiff who is (1) a "state-court loser," (2) seeking relief in federal court for injury caused by the state court decision, and (3) asking the district court to review and reject a state court judgment either directly or as a *de facto* appeal. All three elements must be satisfied for a claim to be barred by *Rooker-Feldman*; each is satisfied in the present case. Because Plaintiff entered into what amounts to a settlement agreement in the underlying state case, she is a state-court loser, the only injury she has suffered is the monetary loss associated with settling the underlying state action, and a review by this court would necessarily be a *de facto* appeal of the Spokane County Superior Court's Dismissal With Prejudice of the underlying action .

SUMMARY JUDGMENT ORDER ~ 2

Under *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear a direct appeal from a final state court decision. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). Jurisdiction is barred only if the plaintiff is seeking review of a claim actually decided by a state court or a claim that is "inextricably intertwined" with a state court judgment. *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)).

There has been disagreement between the federal circuits regarding the meaning of "inextricably intertwined". The Tenth Circuit Court of Appeals held in *Kenmen Eng'g* that a plaintiff is barred from bringing any claim that would "undo" a state court decision, even if the plaintiff was not afforded the opportunity to present all claims in the state-court proceeding. *Id.* at 478. The Ninth Circuit has not gone as far, instead holding that *Rooker-Feldman* only applies where a plaintiff complains of an injury resulting directly from a state court decision, not when a plaintiff complains of a legal injury caused by an adverse party in a state action. *Noel*, 341 F.3d at 1163 (9th Cir. 2003).

The Supreme Court in *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) resolved some of this conflict and clarified the scope of the doctrine. That case involved parallel state and federal litigation where a state court entered a final decision on an issue also pending before a federal district court. The Court held that *Rooker-Feldman* doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Id.* at 284. The court further held that a plaintiff is not prevented from bringing a claim in federal court simply because an issue has already been litigated in state court and a district court has jurisdiction over an independent claim even if it denies a legal conclusion reached by a state court. *Id.* at 293. Therefore, *Rooker-Feldman* does

SUMMARY JUDGMENT ORDER ~ 3

not deprive a federal court of subject matter jurisdiction when a state court has decided an issue pending before a federal court at the time of the state court decision. Justice Ginsberg, writing for the unanimous court, expresses a clear intent to limit the scope of the *Rooker-Feldman* doctrine and suggests that lower courts have misapplied the doctrine and extended its application beyond what is supported by the original cases. *Id.* at 283.

The Ninth Circuit has since held that *Rooker-Feldman* does still apply to bar a *de facto* appeal from a state court decision, even when the plaintiff does not directly contest the merits of the state court decision. A *de facto* appeal exists where "'adjudication of the federal claims would undercut the state court ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

For a plaintiff's claim to be barred by *Rooker Feldman* under *Exxon* and applicable Ninth Circuit law, the following questions must be answered affirmatively: (1) Is the plaintiff a "state-court" loser? (2) Did the state court decision cause the injury for which plaintiff seeks relief in federal court? and (3) Is the plaintiff asking the district court to review and reject a state court judgment either as a direct or *de facto* appeal?

Plaintiff can properly be characterized as a "state-court loser." Under Washington law, a dismissal with prejudice is a final judgment on the merits for the purpose of *res judicata*. *Ensley v. Pitcher*, 152 Wn. App. 891, 222 P.3d 99 (2009). Courts in other circuits have found that court approved settlement agreements may constitute final decisions for the purposes of *Rooker-Feldman. Aguilera v. Freedman, Anselmo, Lindberg & Rappe, LLC*, 2011 WL 2292302 (N.D.Ill. 2011) (Plaintiff who had settled debt collection in state court could not bring FDCPA claim in federal court); *Reyes v. Fairfield Properties*, 661 F.Supp.2d 249, 273 (E.D.N.Y) (Effectively setting aside judgment based on stipulation of settlement). *Green v. City of New York*, 438 F.Supp.2d 111 (E.D.N.Y.

SUMMARY JUDGMENT ORDER ~ 4

2006). Plaintiff contends that the dismissal was not a final judgment on the merits and there was no settlement agreement. To the contrary, the parties entered an agreed order to vacate the judgment against Plaintiff at trial, which was contingent on payment of the judgment, after which the case was dismissed with prejudice. The most reasonable interpretation of these judgments by the Spokane County District Court is that Plaintiff paid the original judgment in exchange for Defendant agreeing to dismiss the case against her. The Dismissal With Prejudice effectively approves this agreement and is a final judgment on the merits for purposes of *Rooker-Feldman* doctrine.

Plaintiff's is seeking relief from injury caused by the state court judgment. There was a final judgment on the merits in this case. Plaintiff's only injuries are the payment of debt she alleged she did not owe and any effort and expense incurred defending against the claims made against her. Her decision to settle the underlying state court case resolved any claims for relief based on those injuries.

Plaintiff is effectively asking this court to review and reject a state court judgment. Plaintiff is not asking this court to directly review the merits of the underlying debt, which was settled by the state court action, but Plaintiff's FDCPA claim is inextricably intertwined with the underlying state court decision, and review by this court would be a *de facto* appeal. Because the only injuries suffered by Plaintiff stem from the underlying case, which was dismissed with prejudice, any decision in Plaintiff's favor in this action would effectively overturn the Spokane County District Court's ruling.

The Western District of Washington Court recently held that even where a final debt collection judgment has been entered against a defendant, an FDCPA claim based on debt collection practices is independent and not barred by *Rooker-Feldman. Drother v. Hamilton*, 2009 WL 4667376 at *3-4 (W.D. Wash. 2009). This case, however, is distinguishable. In *Drother*, a default judgment was entered against Joseph Drother in the underlying state action. Plaintiffs in the underlying action then filed a writ of garnishment

SUMMARY JUDGMENT ORDER ~ 5

which Mr. Drother opposed on the basis that he had not received service. *Id.* at 1. The Thurston County Superior Court entered the judgment and Order for Garnishment without addressing whether service was proper. Washington law affords a court discretion in choosing whether to address defects in service in wage garnishment cases. *Id.* (citing RCW 6.27.130(2)(b) (2009). Mr. Drother raised claims associated with procedural defects, which, if decided, may have barred him from raising an FDCPA claim in Federal court, but the court, in its discretion, declined to decide the claim, and his ability to bring a federal claim was preserved. By contrast, here, Plaintiff did contest the initial Superior Court judgment on procedural grounds, and those issues were resolved by the Order to Vacate Judgment, and the Order of Dismissal With Prejudice entered by the Spokane County District Court. Review of Plaintiff's FDCPA claims by this court would be a *de facto* appeal of the state court decision.

### IV. CONCLUSION

This court does not have jurisdiction to hear Plaintiff's claims because Plaintiff's is seeking *de facto* appeal of a state court judgment. Plaintiff's FDCPA claims cannot be considered independent of the claims settled by the Order of Dismissal With Prejudice entered by the Spokane County District Court. Any judgment in Plaintiff's favor would effectively overrule the Spokane County District Court's judgment. In order to have her FDCPA claim heard, plaintiff must have either brought the claims as a defense in the state action, or filed suit in federal court before a final judgment was entered by a state court. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Based on Rooker Feldman (ECF No. 15) is **GRANTED**.

SUMMARY JUDGMENT ORDER ~ 6

**IT IS SO ORDERED.** The District court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 25th day of August, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

SUMMARY JUDGMENT ORDER ~ 7