UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

REBECCA M. CANNON,

           Plaintiff,

v.

SPOKANE MERCHANTS
ASSOCIATION, a Washington
corporation,

           Defendant.

No. CV-11-083-LRS

**ORDER DENYING MOTION
TO RECONSIDER**

**BEFORE THE COURT** is the plaintiffs' Motion For Reconsideration (ECF No. 26) and defendant's Motion to Strike Declaration in Support of Motion for Reconsideration (ECF No. 31).  The motions are heard without oral argument.

## I.  BACKGROUND

On August 25, 2011, this court entered an "Order Granting Defendant's Motion to Dismiss Based on Rooker-Feldman (ECF No. 21) Motion To Dismiss" (Ct. Rec. 13) which dismissed the plaintiff's FDCPA claims.  The Court found it lacked jurisdiction to hear Plaintiff's claims because Plaintiff's was found to be seeking de facto appeal of a state court judgment. The Court found Plaintiff's FDCPA claims could not be considered independent of the claims settled by the Order of Dismissal With Prejudice entered by the Spokane County District Court. Further, this Court found that any judgment in Plaintiff's favor would effectively overrule the Spokane County District Court's judgment.   The Court concluded that plaintiff must have either brought her claims as a defense in the state action, or filed suit in federal court

**ORDER DENYING MOTION
TO RECONSIDER-**        **1**

before a final judgment was entered by a state court in order to have her FDCPA claim heard before this Court. On August 25, 2011 a judgment was entered in favor of Defendant.

## II. RECONSIDERATION STANDARD

" '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc*., 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co*., 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence").  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling.  *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66.

## III. DISCUSSION

Plaintiff asks the court to reconsider its Order, and more specifically that "the Court erroneously [found] without any support in the record, that a settlement had occurred."  ECF No. 28, at 9.  Plaintiff contends this was a "clear error" and that the state court lawsuit ended in a dismissal with prejudice demonstrating Plaintiff did not owe a debt. Plaintiff argues Ms. Cannon cannot be held personally responsible for the debt of her deceased uncle. Plaintiff argues the state law suit against Mrs. Cannon violated federal and state law related to the limitations in nursing home contracts. Plaintiff concludes that as a matter of law, Spokane Merchants Association, Inc.  was

**ORDER DENYING MOTION
TO RECONSIDER-          2**

attempting to collect an amount of money from Plaintiff for a debt[1] she did not owe in violation of the FDCPA.  15 USC 1692f(l).

Defendant objects to the motion for reconsideration and moves to strike the supporting declaration of Alan L. McNeil "based entirely on newly submitted evidence and legal theories which had not been raised by Mr. McNeil[2] prior to the Court entering its ruling." ECF No. 30.  Defendant argues that a party cannot tender new legal theories for the first time on a motion for reconsideration.  ECF No. 30, at 4.  On December 9, 2011, the Court allowed the Defendant to submit a response in opposition to Plaintiff's Motion for Reconsideration.  ECF No. 41.  Defendant filed a timely response on December 16, 2011.  Plaintiff did not request to file any further briefing.

The Court has now reviewed all written arguments of the parties and all materials filed in support and opposition thereto.

**IV.  ANALYSIS**

Defendant argues that Ms. Cannon's discussion of the merits of that contractual obligation is irrelevant.  The merits of the claim and the merits of her defense that she did not owe the money were "dismissed with prejudice."  The only relevant issue to this determination is how that suit was terminated.  After a default judgment had been

---

[1] Spokane Merchants Association, Inc. [SMAI], a Washington state collection agency, filed suit on March 16, 2010 in Spokane County District Court against Rebecca Cannon claiming that she owed the debt of her deceased uncle, Harry Hopkins, for residential nursing home services provided to Mr. Hopkins.

[2] Alan McNeil was initially the attorney of record in the above-captioned federal lawsuit.  Subsequent to this Court's ruling on the motion to dismiss and entry of judgment, attorney Michael Kinkley appeared as associated counsel for the plaintiff.  On September 22, 2011, Mr. Kinkley filed a motion for reconsideration.

**ORDER DENYING MOTION TO RECONSIDER-**          **3**

entered against Ms. Cannon, she moved to have it vacated, which was granted upon payment of terms in the amount of $1,619.50 (ECF No. 18, at 33), all of which was approved by counsel for the parties.   The amount of the terms was based upon the attorney fees incurred by Spokane Merchants' counsel. (ECF No. 18, at 36).   It is undisputed that amount was paid, and Ms. Cannon stipulated and agreed to the dismissal of the underlying state action with prejudice. (ECF No. 18, at 40,43).   She thereafter brought an FDCPA claim (asserting once again) that she did not owe Northpointe any money on the claim.    The state court dismissal order which awarded fees and was approved by counsel for the parties was not appealed and remains of record.

Defendant argues that irrespective of who paid what to whom, or why the case was dismissed, it remains undisputed that Ms. Cannon stipulated to a dismissal with prejudice of the claim against her, in which she brought the defense that she did not owe the money. A stipulation of dismissal with prejudice under the applicable Washington law, is equivalent to an adjudication on the merits, and will act as a bar to a future action. *Maib v. Maryland Cas. Co.*, 17 Wn.2d 47, 135 P.2d 71 (1943). In a pending action, such dismissal is deemed a final adjudication on the merits for res judicata purposes.   *Ensley v. Pitcher*, 152 Wn.App. 893, 222 P.3d 99 (2009); *Shepard v. Continental*, 28 Wn.App. 346, 350, 522 P.2d 1310 (1981).

The Court is not unmindful of the equities which are asserted by Plaintiff, but as a matter of law, agrees with Defendant.  None of the additional arguments or documents that the Plaintiff has put before the Court alters the fact that she stipulated and agreed to a dismissal <u>with</u> prejudice, thereby agreeing to resolution of the underlying state court judgment on the merits, which would include any defenses to the debt that Ms. Cannon could have or should have brought. It is unnecessary for this Court to determine the motivations of the parties in deciding to end the litigation. In dismissing the matter on *Rooker-Feldman* grounds, this Court found that the agreed dismissal with prejudice "in effect" settled the action between them. (ECF No. 21, at

ORDER DENYING MOTION
TO RECONSIDER-          **4**

2). The termination of a lawsuit by a dismissal with prejudice, which for *res judicata* purposes includes all claims, similarly includes all defenses.

## V. CONCLUSION

For all of the foregoing reasons, the Court reaffirms its dismissal of plaintiff's claim on *Rooker-Feldman* grounds.

**IT IS ORDERED**:

1. Plaintiff's Motion For Reconsideration, **ECF No. 26**, is **DENIED**.

2. Defendant's Motion to Strike Declaration in Support of Motion for Reconsideration, **ECF No. 31**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies of it to counsel of record.

**DATED** this 28th  day of December, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION
TO RECONSIDER-**                    **5**